United States District Court
Southern District of Texas

**ENTERED**

December 20, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Upscale Builders, Inc., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:23-cv-02939 |
| v. | § | |
| | § | |
| PHH Mortgage Corporation, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

This mortgage dispute was referred to the undersigned judge. Dkt. 14. Defendant PHH Mortgage Corporation ("PHH") has filed a motion for judgment on the pleadings. Dkt. 8. Because Plaintiff Upscale Builders, Inc. ("Upscale Builders") did not respond, the motion is deemed unopposed. *See* S.D. Tex. L.R. 7.4; Dkt. 10 (PHH's notice of failure to oppose). After carefully considering the motion, the record, and the applicable law, it is recommended that PHH's motion be granted, and that Upscale Builders's claims be dismissed with prejudice.

## <u>Background</u>

The following facts are drawn from Upscale Builders's petition, the exhibits attached to and incorporated by the petition, the record in this case,

and certain property records of which this Court takes judicial notice. Upscale Builders's allegations are taken as true at this stage.

This dispute concerns real property at 20518 Quail Chase Drive, in Katy, Texas 77450 (the "Property"). Cynthia Eneanya originally purchased the Property for $230,000 around June 16, 2005. Dkt. 1-3 at 4. The Property was secured by a Deed of Trust in favor of the lender, GreenPoint Mortgage Funding, Inc., and its nominee, MERS. *See* Deed of Trust, No. Y550093, at 1 (Harris Cnty. Prop. Records June 20, 2005).

Over the years, several different entities serviced the mortgage, with PHH taking over those duties in 2022. *See* Dkt. 1-3 at 4. During that time, Eneanya suffered medical issues that affected her ability to maintain her mortgage payments. *See id.*

Eneanya contacted a real estate broker, Natasha Martinez, who connected Eneanya with Upscale Builders. *See id.* Upscale Builders entered into a contract to purchase Eneanya's interest in the Property. *Id.* at 4, 16-17; Dkt. 1-4 at 1-9 (PX-A to the petition).

After receiving the payoff amount from PHH, Upscale Builders sent that amount to PHH in December 2022. Dkt. 1-3 at 4; Dkt. 1-4 at 11 (PX-B, email noting wire transfer in unspecified amount). Eneanya and her sister, Rita Nkolo, executed a special warranty deed granting to Upscale Builders their interests in the Property. Dkt. 1-3 at 4; Dkt. 1-3 at 12-13 (PX-D, December 2,

2022 Special Warranty Deed). Upscale Builders recorded its interest in the real property records. Dkt. 1-3 at 5; Dkt. 1-4 at 14 (December 5, 2022 recordation of Special Warranty Deed). Eneanya passed away on January 14, 2023. Dkt. 1-3 at 5.

In June 2023, Upscale Builders received notice that Eneanya's mortgage debt had not been fully satisfied. *See* Dkt. 1-3 at 15 (affidavit of Natasha Martinez, attached to original petition). Upscale Builders discovered that "there was a miscommunication between Ms. Eneanya and PHH Mortgage as to the amount necessary to reinstate the loan and the amount to pay off the mortgage debt." *Id.* PHH set a foreclosure sale for July 5, 2023. *Id.* at 3.

Two days before the scheduled sale, Upscale Builders sued PHH in Texas state court, asserting claims for (1) quiet title; (2) breach of the common-law duty of good faith and fair dealing; (3) violations of the Texas Property Code § 51.002(b)(3) and (d). Dkt. 1-3 at 6-7. PHH sought a temporary restraining order and an injunction to prevent PHH from foreclosing on the Property. *Id.* at 7-11. The trial court issued a temporary restraining order ("TRO"), Dkt. 1-5 at 2-3, which was later extended until July 31, 2023, Dkt. 1-9 at 2.

PHH appeared and, after the TRO expired, removed the case to this Court on the basis of diversity jurisdiction. *See* Dkt. 1-10 (August 9, 2023 answer); Dkt. 1 at 2 (August 10, 2023 notice of removal). A few weeks before the deadline for filing dispositive motions, *see* Dkt. 6 (July 30, 2024 deadline),

PHH filed a motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings, Dkt. 8 (filed May 6, 2024). Upscale Builders did not respond to the motion. A few months later, PHH requested a stay of all remaining deadlines pending a ruling on its motion, *see* Dkt. 11, which the Court granted, Dkt. 13. The Court then referred PHH's Rule 12(c) motion to the undersigned judge. Dkt. 14.

## Legal standard

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial ...." Fed. R. Civ. P. 12(c). "The standard for deciding a Rule 12(c) motion is the same standard used for deciding motions to dismiss pursuant to Rule 12(b)(6)." *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "the complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (footnotes omitted).

When resolving a Rule 12(c) motion, the Court limits its review to the complaint and "(a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss

4

that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record." *Sparks v. Tex. Dep't of Transp.*, 144 F. Supp. 3d 902, 903 (S.D. Tex. 2015) (collecting authorities). If the Court opts to consider any other extrinsic material, then the motion must be converted into one for summary judgment. *See Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188 (S.D. Tex. 2008) (citing Fed. R. Civ. P. 12(d)).

## Analysis

## I.   Upscale Builders failed to state a plausible quiet title claim.

PHH argues that Upscale Builders's allegations fail to state a cognizable claim for quiet title. Dkt. 8 at 4-5. In Texas, a quiet title claim "relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (reversing judgment on quiet title because plaintiff failed to establish that defendant's lien was invalid). "[A] plaintiff must show the following: (1) an interest in specific property; (2) that title to the property is affected by defendants' claim; and (3) that the claim, although facially valid, is invalid or unenforceable." *Trotter v. Bank of Am., N.A.*, 2013 WL 12106138, at *4 (S.D. Tex. June 28, 2013) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied)). To obtain relief, a party "must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged

5

adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531-32 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (collecting authorities).

As PHH argues, the quiet claim falters on the third element because there is no indication that PHH's interest in the Property is invalid or otherwise unenforceable. *See* Dkt. 8 at 4-5. Rather, Upscale Builders acknowledged that PHH is the mortgage servicer, *see* Dkt. 1-3 at 4, which makes PHH a beneficiary under the 2005 Deed of Trust between Eneanya, the mortgagor and prior owner of the Property, and the mortgagee.[1] *See* Deed of Trust, No. Y550093, at 3 (Harris Cnty. Prop. Records June 20, 2005). Upscale Builders also admits that PHH was not paid all amounts owed under the mortgage, due to an unspecified "miscommunication." *See* Dkt. 1-3 at 15.

Upscale Builders offers no theory that would allow it to eradicate PHH's interest in the Property despite having paid the "wrong amount" to PHH. *See id.* at 6 (conceding that "there is still an unpaid balance owed to [PHH]"). Moreover, Upscale Builders acquired the Property through a Special Warranty Deed that was subject to "any liens securing the payment of any debt," Dkt. 1-

---

[1] As noted earlier, the Court takes judicial notice of the 2005 Deed of Trust, which is a matter of public record. *See* Fed. R. Evid. 201; *Rentfrow v. JP Morgan Chase Bank, Nat'l Ass'n*, 2020 WL 1893558, at *2 (S.D. Tex. Mar. 25, 2020) (taking judicial notice of a deed of trust), *adopted by* 2020 WL 1891848 (S.D. Tex. Apr. 16, 2020); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (endorsing judicial notice for "matters of public record").

4 at 12, which includes the 2005 Deed of Trust.  Without any basis to invalidate the 2005 Deed of Trust, the quiet title claim fails.

## II.    **Texas law does not impose on PHH a common law duty of good faith and fair dealing.**

PHH is also correct that Upscale Builders's claim premised on a common law duty of good faith and fair dealing is barred as a matter of law.  "The duty of good faith and fair dealing does not exist in Texas unless intentionally created by express language in a contract or unless a special relationship of trust and confidence exists between the parties to the contract."  *Lovell v. W. Nat'l Life Ins. Co.*, 754 S.W.2d 298, 302 (Tex. App.—Amarillo 1988, writ denied) (citing *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)).  No such circumstance exists here.

Upscale Builders has not articulated any basis for imposing such a common law duty on PHH.  PHH has no relationship with Upscale Builders, contractual or otherwise.  And even the Deed of Trust with Eneanya does not give rise to a duty of good faith.  *See Chapa v. Chase Home Fin. LLC*, 2010 WL 5186785, at *6 (S.D. Tex. Dec. 15, 2010) ("The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith.") (quotation omitted).  Upscale Builder's claim for breach of the duty of good faith and fair dealing should be dismissed.

### III.    Upscale Builders fails to state a claim under Texas Property Code § 51.002.

As for Upscale Builders's claim under Texas Property Code § 51.002, PHH contends (1) there is no private right of action; and (2) the claim fails, in any event, because the statutory notice provisions do not apply to Upscale Builders; and (3) the claim is also barred because no foreclosure sale has occurred. The Court declines to reach PHH's first contention because its remaining arguments are dispositive.[2]

First, Section 51.002 does not require a mortgage servicer to send notices to a property's subsequent purchaser. Instead, Section 51.002(d) requires the mortgage servicer to "serve *a debtor* in default under a deed of trust … with written notice by certified mail stating that the debtor is in default … and giving the debtor at least 20 days to cure the default before notice of sale can be given …." Tex. Prop. Code § 51.002(d) (emphasis added). Similarly, with respect to foreclosure sales, Section 51.002(b)(3) states that a mortgage servicer must "serv[e] written notice of the sale by certified mail on *each debtor* who … is obligated to pay the debt." *Id.* § 51.002(b)(3) (emphasis added).

Upscale Builders neither claims nor shows that it was the "debtor" under the mortgage. Rather, as Section 51.002 reflects, "[t]here is no legal

---

[2] Authorities are split on whether Texas law recognizes a cause of action for violations of Texas Property Code § 51.002. *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 & n.2 (5th Cir. 2015) (marshaling various district court decisions).

requirement that personal notice of a foreclosure be sent to persons" like Upscale Builders who are "not parties to the deed of trust." *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 & n.8 (5th Cir. 2009) (quoting *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.— Beaumont 2003, pet. denied)).

Second, a Section 51.002(d) claim cannot be brought when, as here, no foreclosure sale has occurred. "[C]laims for violating [Section 51.002's] notice requirements are cognizable only after a foreclosure." *Kew v. Bank of Am., N.A.*, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012) (collecting authorities); *see also, e.g.*, *Perez v. Midfirst Bank*, 2019 WL 6687665, at *3 (S.D. Tex. Dec. 6, 2019) ("[T]here is no claim under Section 51.002(d) where no foreclosure has taken place."). Although PHH initially scheduled a foreclosure sale, *see* Dkt. 1-3 at 3, the sale did not transpire, *see* Dkt. 1-5 (TRO); Dkt. 1-9 (extending TRO). Upscale Builders's Section 51.002 claim should be dismissed.

## IV.   There is no basis for injunctive relief or attorneys' fees.

The foregoing analysis negates Upscale Builders's remaining requests for relief. Injunctive relief is unavailable when all other claims have been dismissed. *See Reyes v. N. Tex. Tollway Auth.*, 861 F.3d 558, 565 n.9 (5th Cir. 2017) (requests for declaratory relief "must be supported by some underlying cause of action"); *Torres-Aponte v. JP Morgan Chase Bank, N.A.*, 639 F. App'x 272, 274 (5th Cir. 2016) (per curiam) ("Injunctive relief is a remedy and not an

independent cause of action under Texas law."). Without a viable claim, Upscale Builders also cannot recover attorneys' fees. *See, e.g.*, *Futrell v. JPMorgan Chase Bank, NA*, 2019 WL 3948222, at \*9 (N.D. Tex. July 29, 2019) (dismissing request for attorneys' fees in mortgage case when other claims were dismissed), *adopted by* 2019 WL 3947713 (N.D. Tex. Aug. 21, 2019).

The Court further notes that Upscale Builders has not responded to PHH's motion, much less sought leave to amend. Regardless, because the claims are legally barred, amendment would be futile. Accordingly, this Court should dismiss Upscale Builders's claims with prejudice.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendant PHH Mortgage Corporation's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) (Dkt. 8) be **GRANTED**, and that all of Plaintiff Upscale Builders, Inc.'s claims be **DISMISSED WITH PREJUDICE**. It is further **RECOMMENDED** that this Court enter a separate final judgment pursuant to Fed. R. Civ. P. 58(a) directing that Upscale Builders take nothing on its claims.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for**

plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on December 20, 2024, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge